# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARLON HOWELL,**

      Petitioner,

v.                                                      **CIVIL ACTION NO. 1:12cv157**
                                                            **(Judge Keeley)**

**TERRY O'BRIEN,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On October 4, 2012, the *pro se* petitioner, Marlon Howell, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On November 27, 2012, the petitioner paid the $5.00 filing fee. On December 10, 2012, the petitioner filed an "Amendment" to his petition. On December 12, 2012, the respondent was ordered to show cause why the petition should not be granted. On February 8, 2013, the respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. On February 11, 2013, the petitioner was issued a Roseboro Notice. To date the petitioner has not filed a reply. This matter is pending before me for Report and Recommendation pursuant to LR PL 2.

### II. STATEMENT OF FACTS

On May 25, 2007, the United States District Court for the Western District of Washington sentenced the petitioner to 96 months in prison following a conviction for being a felon in possession of a firearm. (Doc. 27-2, p.2). On February 24, 2010, while housed at USP Victorville, the petitioner lost good conduct time following disciplinary action for possessing a weapon. (Doc. 27-7). Approximately four months later, on June 8, 2010, the petitioner arrived at USP Hazelton. (Doc. 27-5).

On December 26, 2011, the petitioner was placed in the SHU after staff observed him striking another inmate. (Doc. 27-1, p.2). A subsequent investigation found that the incident was a gang-related attack with a high probability of retaliation. Accordingly, it was determined that the petitioner would not be safe if he were returned to the general population. (Doc. 30).

On July 11, 2012, the respondent completed a formal request asking that the petitioner be transferred to "[a]ny appropriate facility." (Doc. 27-5). As his rationale for the request, the respondent referenced the conclusion of the SIS investigation that if the petitioner were returned to the general population at USP Hazelton, his safety could not be guaranteed. (Id.). On July 27, 2012, the Regional Office denied the transfer. (Doc. 27-6).

On November 29, 2013, the respondent formally referred the petitioner for placement in a Residential Re-entry Center ("RRC') in Seattle, Washington, opining that a placement of 150 to 180 days would be of sufficient duration to provide the greatest likelihood of successful reintegration into the community. (Doc. 27-3). Thereafter, the petitioner was approved for placement at the Pioneer Fellowship House in Seattle, Washington, beginning on March 20, 2013. (Doc. 27-1, p.2).

On February 4, 2013, the USP Victorville Incident Report was expunged. (Doc. 27-7). Therefore, on February 6, 2013, the petitioner's projected release date was changed to August 20, 2013. (Doc. 27-2).

### III. CLAIMS OF THE PARTIES

In his petition, the petitioner raises five grounds in support of his claim for habeas relief. First, he alleges that he has been prevented from placement in a RRC. Second, he challenges his continued detention in the Special Housing Unit ("SHU") and the failure of USP Hazelton to grant him a transfer. Third, he alleges that he has been denied proper access to the law library. Fourth, he challenges a 2010 DHO decision at USP Victorville that resulted in a loss of good conduct time,

Finally, he alleges that has been the subject of staff retaliation. For relief, he asks for immediate release to an RRC or transfer to another institution, immediate use of the law library, expungement of the USP Victorville DHO decision and restoration of the suspended good conduct time, and restraining orders against certain staff members he accuses of retaliatory conduct.

The respondent maintains that the petition should be denied for several reasons. First, the respondent contends that the petition should be dismissed because the petitioner failed to exhaust his administrative remedies. Next, the respondent notes that the petitioner has received placement in a RRC and the USP Victorville DHO decision has been expunged with the suspended good conduct time restored. The respondent further contends that an internal investigation found that the petitioner's continued SHU detention was necessary for his protection. The respondent also maintains that the petitioner's law library claim is supported by nothing more than vague allegations. Finally, the respondent argues that the petitioner has failed to connect his claims of retaliation to conduct that is constitutionally protected.

### IV. STANDARD OF REVIEW

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ...

claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

### III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner challenges his continued placement in the SHU, the failure to send him to a RRC, and the loss of good conduct time as the result of a 2010 DHO hearing. However, as

evidenced by the materials supplied by the respondent, the petition was designated to a RRC in Seattle, Washington, beginning on March 20, 2013, and his good conduct time which was suspended as a result of the DHO hearing has been reinstated and the disciplinary report has been expunged. Therefore, to th extent that the petitioner sought designation to a RRC and restoration of his good conduct time, this case is now moot.

Moreover, to the extent the petitioner complains that he has been denied proper access to the law library and has been the subject of staff retaliation, the petitioner is not entitled to any relief under § 2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue those claims, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee.[2]

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED** and the respondent's Motion to Dismiss or, in the alternative, Motion for Summary

---

[1] In Bivens, the Supreme Court created a counterpart to § 1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under § 1983.

[2] Although a grant of *in forma pauperis* status would absolve the petitioner from pre-paying the $350.00 filing fee, under the PLRA, the entire fee would be collected from his Prison Trust Account in increments.

Judgment (Doc. 26) be **GRANTED**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to provide a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 23, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE