IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARLON HOWELL,**

    **Petitioner,**

**v.**  //  **CIVIL ACTION NO. 1:12CV157**
                                    (Judge Keeley)

**TERRY O'BRIEN,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 4, 2012, the pro se petitioner, inmate Marlon Howell ("Howell"), filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which he amended on October 15, 2012, November 26, 2012, and December 10, 2012. (Dkt. Nos. 1, 5, 8, 10). In his petition, Howell sought immediate release to a Residential Re-Entry Center ("RR-C") or transfer to another institution, immediate use of the law library, expungement of a disciplinary decision, restoration of his good conduct time, and restraining orders against certain staff members. Id. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

On February 8, 2013, the respondent, Terry O'Brien ("O'Brien"), filed a Motion to Dismiss or, in the alternative, for Summary Judgment. (Dkt. No. 26). Although the Magistrate Judge issued a Roseboro notice to Howell on February 11, 2013 (dkt. no. 38), he filed no response. Thereafter, on May 23, 2013, Magistrate

**HOWELL v. O'BRIEN** 1:12CV157

### ORDER ADOPTING REPORT AND RECOMMENDATION

Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that O'Brien's motion for summary judgment be granted and Howell's petition be dismissed without prejudice. (Dkt. No. 44). The magistrate judge found that, since the petition was first filed, Howell has been designated to a RR-C, his disciplinary record has been expunged, and his good conduct time has been restored. Id. Insofar as those claims are concerned, then, his petition is moot. Further, the magistrate judge determined that Howell's remaining allegations, which concern library access and staff retaliation, must be brought in a separate civil action and are not cognizable in a 28 U.S.C. § 2241 proceeding.

The R&R also specifically warned Howell that his failure to object to the recommendation within fourteen (14) days of service would result in the waiver of any appellate rights he might otherwise have on these issues. Although the record reflects that Howell's correctional center accepted service of the R&R on May 28, 2013, he has not filed any objections.[1] Consequently, finding no clear error, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 44);

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**HOWELL v. O'BRIEN** 1:12CV157

**ORDER ADOPTING REPORT AND RECOMMENDATION**

2. **GRANTS** O'Brien's Motion to Dismiss or, in the alternative, for Summary Judgment (dkt. no. 26); and

3. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: June 14, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE